HOFMANN & SCHWEITZER
Attorneys for Defendant
360 W. 31st Street, Suite 1506
New York, N.Y. 10001
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------- x
WEEKS MARINE, INC.,

               Plaintiff

-against-

JOSEPH CALCATERRA,

               Defendant.
------------------------------------------------- x

ANSWER OF JOSEPH CALCATERRA
AND COUNTER-CLAIMS

Cv-10-6025
(J. Gleeson) (MJ Levy)

      Defendant, Joseph Calcaterra, by his attorneys, Hofmann & Schweitzer, answering the Complaint of Weeks Marine, Inc., and further asserting his counter-claims, respectfully alleges upon personal knowledge and information and belief as follows:

      1.     Defendant admits the allegations contained within paragraph 1 of the complaint.

      2.     Defendant cannot admit or deny the allegations stated within paragraph 2 of the complaint. However, defendant admits that at all relevant times he was a member of Dockbuilders Local Union No. 1456, employed by plaintiff Weeks Marine, Inc. as a seaman permanently assigned to a vessel in navigation, for a period of approximately 2 months, whose function was to patrol the waters of New York Harbor in search of construction debris that was, upon information and belief, related to the demolition of the Cromwell Pier in Staten Island, NY.

3. Defendant admits the allegations contained within paragraph 3 of the complaint.

4. Defendant denies that allegations contained within paragraph 4 of the complaint. However, defendant admits that at all relevant times he was a member of Dockbuilders Local Union No. 1456, employed by plaintiff Weeks Marine, Inc. as a seaman permanently assigned to a vessel in navigation, for a period of approximately 2 months, whose function was to patrol the waters of New York Harbor in search of construction debris that was, upon information and belief, related to the demolition of the Cromwell Pier.

5. Defendant admits the allegations contained within paragraph 5 of the complaint.

## FACTUAL ALLEGATIONS

6. Defendant admits he advised his employer he injured his back while carrying an outboard motor for the vessel(s) to which he was assigned. Defendant further states that on June 24, 2010, he sustained serious injuries to his back in the course of his employment as a seaman with plaintiff Weeks Marine, Inc. when he and a co-worker, pursuant to orders, were manually carrying a heavy outboard motor. Defendant further admits that he reported his injury to his employer, plaintiff, in a timely manner.

7. Defendant admits the allegations contained within paragraph 7 of the complaint.

8. Defendant denies the allegations contained within paragraph 8 of the complaint but does admit that he went to Dr. Sultan's office on July 20, 2010 at the request of plaintiff and was in an examination room with Dr. Sultan for less than 5 minutes.

Defendant denies any knowledge or information regarding Dr. Sultan's findings.

9. With respect to paragraph 9 of the complaint, defendant admits that plaintiff paid defendant benefits, but a question of fact exists as to whether they were pursuant to LHWCA or the plaintiff's obligation to provide maintenance and cure. .

10. With respect to paragraph 10 of the complaint, defendant denies that he sought benefits as a "dockbuilder" but admits he sought benefits under the LHWCA as he was in the process of determining what benefits he was entitled to.

11. Defendant admits the allegations contained within paragraph 11 of the complaint.

12. With respect to paragraph 12 of the complaint, defendant admits that on or about December 15, 2010 his counsel wrote to plaintiff and advised that he was injured while working in the capacity of a seaman in the employ of plaintiff and defendant demanded that plaintiff provide maintenance and cure.

## COUNT I

13. Defendant repeats, reiterates and realleges each and every of his responses to paragraphs 1 through 12 of the Complaint in response to the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained within paragraph 14 of the complaint.

15. Defendant denies the allegations contained within paragraph 15 of the complaint.

16. Defendant denies the allegations contained within paragraph 16 of the

complaint.

WHEREFORE, answering defendant Joseph Calcaterra demands judgment dismissing the first Count of plaintiff's complaint in all respects, granting answering defendant the costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

## COUNT II

17. Defendant repeats, reiterates and realleges each and every of his responses to paragraphs 1 through 16 of the Complaint in response to the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained within paragraph 18 of the complaint.

19. Defendant denies the allegations contained within paragraph 19 of the complaint.

WHEREFORE, answering defendant Joseph Calcaterra demands judgment dismissing Count II of plaintiff's complaint in all respects, granting answering defendant the costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

## COUNT III

20. Defendant repeats, reiterates and realleges each and every of his responses to paragraphs 1 through 19 of the Complaint in response to the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained within paragraph 21 of the

complaint, except admits that defendant was employed by Weeks as a seaman, is disabled from employment and in need of medical treatment.

22. Defendant denies the allegations contained within paragraph 22 of the complaint.

WHEREFORE, answering defendant Joseph Calcaterra demands judgment dismissing plaintiff's complaint in its entirety and in all respects, granting answering defendant the costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

## AS AND FOR DEFENDANT'S FIRST COUNTERCLAIM AGAINST PLAINTIFF

## JURY TRIAL DEMANDED

Defendant claims of the plaintiff damages upon the following causes of action:

### FIRST CAUSE OF ACTION: BROUGHT UNDER THE JONES ACT

1. Defendant is a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C.§ 30104.

2. Plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of State of New Jersey which does business in the State of New York.

3. The jurisdiction of this Court over this Counter-Claim arises under and by virtue of the Jones Act, 46 U.S.C., § 30104 et seq., the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the defendant's right to a jury trial in the action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374

U.S. 16 (1963).

4. At all times material hereto plaintiff, Weeks Marine, Inc. (Hereinafter "Weeks") owned, operated and controlled the Weeks Survey Boat and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

5. At all times material hereto plaintiff, Weeks Marine, Inc. (Hereinafter "Weeks") owned, operated and controlled the Crane Barge Weeks 500 and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

6. On or about June 24, 2010, and at all times mentioned herein, defendant was in the employ of the plaintiff as a member of the crew of the survey boat in the capacity of a seaman entitled to wages, overtime and fringe benefits.

7. On or about June 24, 2010, while the survey boat and the Weeks Crane Barge 500 were in navigable waters, defendant, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessels and the negligence of the plaintiff, was caused to sustain the serious injuries more specifically set forth hereunder.

8. Defendant's injuries were caused by negligence of the defendant by its agents, servants, workmen and employees and by the unseaworthiness of the vessels, and by defendant's breach of its obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

9. Solely by reason of the negligence of the plaintiff, and the unseaworthiness of the vessels as set forth above, defendant's muscles, nerves, tendons, blood vessels and ligaments

6

were severely wrenched, sprained, bruised and otherwise injured; he sustained herniated discs in his spine; he sustained exacerbation of pre-existing conditions, he sustained internal injuries, the full extent of which is not yet known, he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations.

10. By reason of the foregoing, defendant claims damages in the amount found reasonable by the Court.

## SECOND CAUSE OF ACTION

Defendant claims of the plaintiff, maintenance and cure and wages, punitive damages and attorneys fees in such amount as may be determined by the Court upon the following cause of action:

11. Defendant repeats, reiterates and realleges each and every allegation contained in Paragraphs one through 10 of this counterclaim with the same force and effect as if fully set forth and repeated herein.

12. The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

13. As a result of the injuries defendant suffered on June 24, 2010 defendant sought medical treatment. On June 29, 2010 plaintiff's treating physician, Iqbal S.

Merchant, MD determined that he was temporarily totally disabled from employment and in need of further medical treatment.

14. On September 10, 2010 defendant's treating chiropractor Dr. D'Amato opined that defendant was totally disabled from employment from June 24, 2010 to the present and in need of further medical treatment.

15. On November 18, 2010 plaintiff underwent a medical evaluation by Henry J. Magliato, M.D. at the request of the United States Department of Labor, Office of Workers Compensation Programs.

16. Dr. Magliato determined and opined in a medical report dated November 18, 2010 that defendant Joseph Calcaterra was temporarily totally disabled from employment and in need of further medical treatment.

17. On December 15, 2010 defendant's counsel conveyed a formal, written demand for maintenance and cure to plaintiff. Enclosed in said correspondence were the medical reports from Dr.'s Merchant and Magliato referred to in paragraphs 13 and 16 above.

18. Despite plaintiff's knowledge that both claimant's treating physician and an independent medical examiner opined that defendant was temporarily totally disabled from employment and in need of further medical treatment plaintiff denied maintenance and cure to defendant.

19. Because of defendant's injuries, as aforesaid, defendant is entitled to maintenance and cure which is unpaid. Defendant, by virtue of his service upon the said vessel, claims maintenance, cure and wages and punitive and exemplary damages and attorneys fees in an amount which the Court shall deem just and proper upon the trial of this

cause.

20. All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

### THIRD CAUSE OF ACTION PURSUANT TO 33 U.S.C. §§ 905(b) FOR VESSEL NEGLIGENCE

21. Plaintiff repeats, reiterates and re-alleges each of the foregoing as if fully restated herein.

22. If this Honorable Court determines that on June 24, 2010, defendant was not employed as a seaman by plaintiff Weeks Marine, then defendant was a covered employee as defined under 33 U.S.C. § 901 et seq., commonly known as the Longshore and Harbor Workers Compensation Act.

23. As a covered worker as aforesaid, he was assigned to perform work while attached to the Weeks survey boat described above. On said date, the Weeks survey boat and the Barge Weeks 500 were in the navigable waters of the United States.

24. Pursuant to 33 U.S.C. § § 905(b) and 933, plaintiff is entitled to bring this claim against third parties causing his injury, including against the vessels, their owners, operators and his employer for the negligence of the vessels which caused his injury.

24. On or about June 24, 2010, while the vessels were in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, injured his back while carrying an outboard engine because of the unsafe condition thereof, the vessel owner's failure to provide proper equipment and negligence of

the defendant, was caused to sustain the serious injuries more specifically set forth herein.

25. As a result, plaintiff was caused to suffer the injuries described above, and seeks compensatory damages in the amount previously demanded.

WHEREFORE, defendant prays that judgment be entered against the plaintiff for damages, punitive and exemplary damages in the amount and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs and counsel fees as the Court may deem just and proper.

Dated: New York, New York
January 24, 2011

HOFMANN & SCHWEITZER

By: _____
Timothy F. Schweitzer (TS 2167)
Attorneys for Defendant
360 W. 31st Street, Suite 1506
New York, N.Y. 10001
Tel: (212) 465-8840

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

 MIRIAM BURGOS being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at 360 West 31st Street, New York, N.Y. 10001. That on the 24th day of January 2011, deponent served the within: " ANSWER AND COUNTER CLAIMS " upon:

> Ronald Betancourt, Esq.
> Betancourt Van Hemmen Greco & Kenyon
> 114 Maple Avenue
> Red Bank, NJ 07701

at the last known address designated by them for that purpose by depositing a true copy of same enclosed by mail in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Service department within the State of New York. I also served a copy of the within documents by electronic filing.

            _____
            Miriam Burgos

Sworn to before me this
24th day of January 2011

_____
Notary Public

GERARD HARRINGTON
Notary Public, State of New York
No. 01HA6102369
Qualified in New York County
Commission Expires Dec. 8, 2011